# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| NATIONAL ADVISORY GROUP INC., | : <br> : **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : |

Plaintiff Alexander Reents (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by National Advisory Group Inc. ("National Advisory") to market its student loans services through the use of a telemarketing campaign,

including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals.

3. In addition to violating the TCPA, the telemarketing campaign engaged in by National Advisory also violated 815 ILCS 305, the Illinois Automatic Telephone Dialers Act when it used a pre-recorded message.

4. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Alexander Reents is an individual citizen and resident of this District.

7. Defendant National Advisory Group Inc. is a California corporation with a principal place of business in Laguna Hills, CA.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. National Advisory is subject to specific personal jurisdiction because it made telemarketing calls to the Plaintiff by directing its conduct into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing solicitations that are the subject of this putative class action lawsuit.

## **TCPA BACKGROUND**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf

> of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## **ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT**

16. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

17. The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30(c).

18. Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

## **FACTUAL ALLEGATIONS**

19. Defendant National Advisory is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

Calls to Plaintiff

21. Plaintiff's telephone number, 630-XXX-1481, is a residential telephone line.

22. It is not associated with a business and is used by Mr. Reents only.

23. Despite previously suing National Advisory, Mr. Reents received telemarketing calls from National Advisory on May 20, 26, June 1, 11, 2021.

24. The calls utilized the following pre-recorded message:

4

> Hi, this is Amanda with the student loan relief program and you can reach me at 844-877-0123. I'm actually reaching out to you regarding your student loan balance…

25. The calls informed the Plaintiff to call back 844-877-0123.

26. To identify the company calling, the Plaintiff contacted the phone number.

27. During this call, the Plaintiff was advised that the Defendant made the calls and their services were offered.

28. The Plaintiff spoke with "Karen Hudson", who provided a reference number to Plaintiff of h65.

29. The Plaintiff was asked questions where the Defendant's business were offered, such as the Plaintiff's employment status, how much he earns and the amount of any student loans.

30. This Caller ID has been linked to telemarketing complaints. *See* https://www.callercenter.com/844-877-0123.html (Last Visited October 8, 2021).

31. The complaints detail the unsolicited nature of the conduct:

> Left a voice mail about qualifying for student loan debt forgiveness. Paid off my student loans years ago. I've been getting calls everyday for the last week straight about this…
>
> Student loan forgiveness. It's odd since I paid mine off completely nearly two decades ago. Very suspicious…
>
> Complete robot call, called it back to see how far it would go, they are phishing for information. And they refused to let me talk to Amanda. After a short exchange with a "robert" he hung up on me since I refused to give him any information.

*Id.*

32. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for student loan services.

33. These calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

34. Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and text messages that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

35. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

36. The classes of persons Plaintiff proposes to represent are tentatively defined as:

### PRERECORDED CLASS

> All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a residential telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

### IL ATDA SUBCLASS

> All Illinois residents to whom: (a) Defendant and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

37. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The classes as defined above are identifiable through phone records and phone number databases.

39. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

40. Plaintiff is a member of the classes.

41. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Defendant's calls are solicitations;

    b. Whether Defendant made calls using a prerecorded voice;

    c. Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

42. Plaintiff's claims are typical of the claims of class members.

43. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violation of the TCPA's Automated Telemarketing Call Provisions

47. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's cellular telephone number using a pre-recorded voice without his prior express written consent.

49. Defendant's violations were negligent and/or willful.

### Count Two
### Violations of the ATDA, 815 ILCS 305/1 *et seq.*

50. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

51. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

52. Defendant did not have the consent of Plaintiff or the other members of the IL ATDA Sub-Class to play a prerecorded message placed by an autodialer.

53. Nonetheless, Defendant called the phones of Plaintiff and the other members of the IL ATDA Sub-Class using a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message. No human being physically dialed each digit of Plaintiff's or the other IL ATDA Sub-Class members' phone numbers to connect their telephones with a recorded message.

54. Consequently, Defendant violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiff and the other IL ATDA Sub-Class members, without such persons' consent, or by the fact that others did so on its behalf.

55. As a result of Defendant's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the IL ATDA Sub-Class were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

## **RELIEF SOUGHT**

For himself and all members of the Classes, Plaintiff requests the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiff and the Classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com